IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEROME ANTHONY WILLIAMS, | : |
| | : |
| Plaintiff. | : |
| | : |
| VS. | : CASE NO. 5:15-CV-446-MTT-MSH |
| | : |
| Officer GEOFFREY GLOVER, | : |
| Sergeant CASEY BEARDEN, and | : |
| Warden GREGORY McLAUGHLIN, | : |
| | : |
| Defendants. | : |

_____

## ORDER & RECOMMENDATION

Plaintiff Jerome Anthony Williams, an inmate at Macon State Prison ("MSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2). Based on Plaintiff's financial information, the Court finds that Plaintiff is unable to prepay the $350.00 filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the full filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager at Plaintiff's place of incarceration. Plaintiff's complaint is now ripe for preliminary screening.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint that "seeks redress from a governmental entity or officer

or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## BACKGROUND

Plaintiff's claims arise out of a single incident of excessive force occurring on October 6, 2015.  Plaintiff alleges that on that date, Defendant Officer Geoffrey Glover slammed the tray slot to Plaintiff's cell down on Plaintiff's arm and elbow multiple times, causing Plaintiff's elbow to bleed and require bandaging.  Glover apparently exercised the force because Plaintiff refused to move his arm as directed by Glover.  Plaintiff also sues "supervisor" Sergeant Casey Bearden, who failed to write an incident report in violation of prison rules, and Warden Gregory McLaughlin, who "asked [Bearden] why wasn't an incident report made, and made no attempt to make one."  Compl. 6, ECF No. 1.  Plaintiff also characterizes McLaughlin's conduct as a violation of his "14th Amendment (Civil

3

Rights), by denying me jurisdiction to the equal protection of the law." (*Id.*). As relief, Plaintiff asks that: (1) Glover be terminated from his position at MSP; (2) Plaintiff be transferred to a different prison; and (3) he be awarded a cash settlement.

## DISCUSSION

### A. Claim against Sergeant Casey Bearden

Plaintiff has failed to state a claim against Sergeant Bearden based on Bearden's failure to write an incident report. Even if Plaintiff is correct that Bearden violated a prison rule, such violation does not support a § 1983 claim. Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution or federal law, not for violations of prison regulations. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) ("prison regulations [are] primarily designed to guide correctional officers in the administration of a prison" and that "such regulations [are] not designed to confer rights on inmates"); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (emphasizing that a § 1983 plaintiff must prove the defendant deprived him of a right secured by the Constitution or laws of the United States). Plaintiff has not shown that Bearden's alleged violation of a prison rule affected any of Plaintiff's federal or constitutional rights. Accordingly, it is **RECOMMENDED** that Sergeant Casey Bearden be **DISMISSED** as a Defendant herein.

### B. Claim against Warden Gregory McLaughlin

Plaintiff has likewise failed to state a claim against Warden Gregory McLaughlin.

Plaintiff's only specific allegation about McLaughlin is that he asked Bearden why he did not issue an incident report and then failed to issue one himself. As discussed above, a failure to write an incident report does not present a federal or constitutional issue. Similarly, a failure to investigate a single incident, of which the Warden was unaware until after-the fact, is insufficient to establish liability under section 1983. *See Salvato v. Miley*, 790 F.3d 1286, 1298 (11th Cir. 2015) (holding that "sheriff cannot be held liable under section 1983 for a single failure to investigate a constitutional violation"). Finally, although Plaintiff cites the Equal Protection Clause of the Fourteenth Amendment, which provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1, he has alleged no facts that would state a claim under said provision. In light of the foregoing, it is **RECOMMENDED** that Warden Gregory McLaughlin be **DISMISSED** as a Defendant.

### C. Equitable Relief

Plaintiff seeks relief that is not available in a § 1983 action. Specifically, Plaintiff does not have a constitutional right of transfer to another prison, *Meachum v. Fano*, 427 U.S. 215, 225 (1976), and this Court lacks the power to so direct prison officials. Furthermore, this Court has no jurisdiction to terminate the employment of Officer Glover. It is thus **RECOMMENDED** that Plaintiff's request for equitable relief be **DISMISSED.**

**D.     Officer Geoffrey Glover**

The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain . . . , the infliction of pain totally without penological justification . . . , [and] the infliction of punishment grossly disproportionate to the severity of the offense."  *Ort v. White*, 813 F.2d 318, 321 (11th Cir.1987).   Plaintiff's allegations, when liberally construed in his favor, are sufficient to allow Plaintiff to go forward with his Eighth Amendment claim against Defendant Officer Geoffrey Glover.[1]

## CONLUSION

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's claims for equitable relief and Defendants Sergeant Casey Bearden and Warden Gregory McLaughlin be **DISMISSED** from this action.   The claims against Defendant Glover shall be allowed to proceed and service is directed as to him as explained below.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.   The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a

---

[1] Although Plaintiff may have failed to exhaust his administrative remedies prior to filing this action, the issue is not clear from the face of Plaintiff's complaint.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).   The Defendant may raise the exhaustion issue in his responsive pleadings.

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## ORDER FOR SERVICE

For the reasons stated herein, it is now **ORDERED** that service be made on Defendant Officer Geoffrey Glover and that he file an answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil

Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party,

and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins, unless otherwise directed.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff

fails to remit payments.

      SO ORDERED and RECOMMENDED, this 8th day of December, 2015.

                                            /s/ Stephen Hyles
                                            UNITED STATES MAGISTRATE JUDGE